# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **IN THE MATTER OF** | * | |
| **LUIS SOTO RIOS AND BRENDA** | * | |
| **TOSADO ARVELO d/b/a** | * | |
| **FERRETEROS SOTO** | * | |
| **Plaintiffs** | * | **Case # 08-01890(ESL)** |
| | | **Chapter 11** |
| **v,** | * | |
| **BANCO POPULAR DE PUERTO RICO** | * | |
| | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

**TO THE HONORABLE COURT**

 **COMES NOW, PLAINTIFF ABOVE NAMED** represented by his undersigned counsel and very respectfully alleges, shows and prays;

# I. INTRODUCTION

As more fully set forth, *infra*, the  Debtor will demonstrate various basis upon which the *Motion  Summary Judgment*  filed by Plaintiff should be granted, including but not limited to the fact that there is no controversy as to material facts in the case and as  matter of State Law  the liens are null and void.

# II.  PROCEDURAL BACKGROUND

2.1.  Mr. Luis Soto Rios and Mrs. Brenda Tosado Arbelo filed the above referenced Chapter 11 Petition on March 29, 2008.

**2.2.**  Debtor in Possession Luis Soto Rios and Brenda Tosado Arbelo are the owners of the following real property:

> *I. ----RUSTICA:  Solar radicado en el Barrio Cacao, del término municipal de Quebradillas, Puerto Rico, con uan cabida superficial del 800.08 metro cuadrados.  En lindes al Norte, en 34.10 metro con terrenos propiedad de Francisco Avila; por el Sur y Oeste, en 31.38 metros y 19.85 metros respectivamente, con el remanente de la finca principal de la cual se segrega propiedad de Miguel A. García y por el Este, en 31.00 metros con la carretera estatal #2.  Enclava una estructura de dos plantas de concreto reforzado dedicada la parte inferior a comercio y su parte superior a vivienda.*

*TRACTO: Es segregación de la finca 2061 inscrita al Folio 47 del Tomo 44 de Quebradillas*
*GRAVAMENES:*

*Por su procedencia; Se encuentra libre de cargas.*

*DOCUMENTOS PRESENTADOS:*

*Al Asiento 1113 del Diario 296 se presentó el 18 de octubre de 2004 la escritura #328 de Hipoteca otorgada el 23 de septiembre de 2004 ante el notario Agustín F. Soto Hernández por la cual los titulares registrales constituyen HIPOTECA sobre esta y otra propiedad en garantía de un pagaré a favor de Banco Popular de Puerto Rico por la suma de $165,000.00 respondiendo por $104,000.00 con intereses al Prime Rate anual y vencimiento a la presentación. Complementarios: N/A.*

*Al Asiento 1612 del Diario 299 se presentó el 30 de agosto de 2005 la escritura #283 de Hipoteca otorgada el 11 de agosto de 2005 ante el notario Agustín F. Soto Hernández por la cual los titulares registrales constituyen HIPOTECA sobre esta y otra propiedad en garantía de un pagaré a favor de Banco Popular de Puerto Rico por la suma de $220,000.00 respondiendo por $170,000.00 con intereses al Prime Rate anual y vencimiento a la presentación. Complementarios: N/A.*

II      RUSTICA:  Predio de terreno radicado en el Barrio Cacao, del término municipal de Quebradillas, Puerto Rico, con una cabida superficial de 1127.50 metros cuadrados, igual a 0.2868 cuerdas.  En lindes por el Norte, con Villa Julia, antes Francisco Avila; por el Sur, con solar letra A del plano de inscripción y predio de uso público; por el Este, con Rafael Valverde y por el Oeste, con Villa    Julia, antes Francisco Avila.
*TRACTO:  Es segregación de la finca 1038 inscrita al Folio 27 del Tomo 19 de Quebradillas.*

*GRAVAMENES:*
*Por su procedencia: Se encuentra libre de cargas.*
*Por sí:*

*inscrita al Folio 51 vuelto del Tomo 44 de Quebradillas, inscripción 7ma. (246/240).*
*DOCUMENTOS PRESENTADOS:*
*Al Asiento 1113 del Diario 296 se presentó el 18 de octubre de 2004 la escritura #328 de Hipoteca otorgada el 23 de septiembre de 2004 ante el notario Agustín F. Soto Hernández por la cual los titulares registrales constituyeron HIPOTECA sobre esta y otra propiedad en garantía de un pagaré a favor de Banco Popular de Puerto Rico por la suma de $165,000.00 respondiendo por $61,000.00 con intereses al Prime Rate anual y vencimiento a la presentación. Complementarios: N/A.*
*Al Asiento 1612 del Diario 299 se presentó el 30 de agosto de 2005 la escritura #283 de Hipoteca otorgada el 11 de agosto de 2005 ante el notario Agustín F. Soto Hernández por la cual los titulares registrales constituyen HIPOTECA sobre esta y otra propiedad en garantía de un pagaré a favor de Banco Popular de Puerto Rico por la suma de $220,000.00 respondiendo por $50,000.00 con intereses al Prime Rate anual y vencimiento a la presentación. Complementarios: N/A.*

III-RUSTICA: Remanente radicado en el Barrio Pueblo de Hatillo, Puerto Rico, compuesto de Seiscientos Cuarenta y Un Metros Cuadrados (641.00) de terreno. En lindes por el NORTE, con un área dedicada a Uso Público, por el SUR, con solar cinco (5); por el ESTE, con área dedicada a Uso Público y por el OESTE, con Inocencia Viuda de Arana. Es el resto de esta finca luego de reducidas las segregaciones que se indican al margen.

*INSCRITA AL FOLIO 65, TOMO 346 de Hatillo, FINCA Número 3,466.*
*PENDIENTE:*
*Asiento 1613, Diario 299*

*Escritura número 281, sobre Hipoteca otorgada en Aguadilla, Puerto Rico, el 11 de agosto de 2005, ante el notario Agustín F. Soto Hernández para que se inscriba Hipoteca a favor del Banco Popular de Puerto Rico, o a su orden por $19,000.00, con intereses New York Prime Rate, vencimiento a la presentación, Afidávit 11,564; $1,900.00 para costas, gastos y honorarios de abogados en caso de ejecución.*

2.3. A Motion for Dismissal pursuant to Rule 12b was filed by Defendant Banco Popular ; a reply to motion to dismiss was filed by Plaintiff.

2.4 Leave was requested by Banco Popular to file a Sur Reply and  Answer to said Sur Reply was also filed by Plaintiff

2.5  A pretrial Hearing was held on August 31, 2009, at which time counsel for Plaintiff requested twenty(20) days to file a Motion for Summary Judgment supplementing the  issues already briefed in the motions pending before the Court.

### III.SUMMARY JUDGMENT STANDART

3.1 The purpose of summary judgment is to "pierce the boiler plate of the pleadings and assay the parties proof  in order to determine whether trial is actually required"11 Moore's Federal Practice 3d, § 56.02, page 56( Mathew Bender 3rd ed. 1997) citing Wynne v. Tufts Univ. School of Medicine, 976 F 2d791, 794 ( 1s t Cir 1999), cert . denied, 507 US 1030 1135 S. Ct1845, 123 L. Ed 2d 470)1993).

3.2 Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled  to a judgment as matter of law" F.R. Civ. P . Rule 56(c)

3.3 The standard for summary  judgment, as summarized by the Court  in Astoria Jewelry v. N. Barquet, Inc 291 F. Supp. 2d 16, 21( DPR 2005)(cited with approval by the First Circuit in Jewelers Mutual  Ins. Co v. N. Barquet, Inc, 410 F 3rd 2, 9( 1st Cir 2005 is as follows:

> Rule 56 (c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment where "the pleadings, depositions, answers to

interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" Fed R. Civ. P. 56(c) ; <u>Pagano v. Frank,</u> 983 F 2d 343, 347( 1st Cir1993); <u>Lipsett v. University of</u> <u>Puerto Rico</u> ,864 F2d 881, 894( 1st Cir. 1988). Summary Judgment is appropriate where after drawing all reasonable inferences in favor of the non moving party, there is no genuine issue of material fact for trial.

See <u>Anderson v. Liberty Lobby, Inc. 477 US 242 , 249, 106 S. Ct. 2502, 91 L Ed. 2d 202(1986).</u> A fact is material if, based on the substantive law at issues , it might affect the outcome of the case. Id at 248; Mack v. Great Atl & Pac Tea Co. , Inc,871 F2d 179, 181( 1st Cir 1989). A material issue is " genuine if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the non – moving party's favor . See Anderson , 477 US at 248; Boston Athletic Ass'n v. Sullivan, 867 F 2d 22, 24 ( 1st Cir 1983).

3.4 The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp v. Catrett, 477 US 317,323(1986). The opposing party must then go beyond the pleading and designate specific facts that show that there is a genuine triable issue. Celotex, supra, at 324. A fact is " material" if under applicable substantive law, it may affect the result of the case. <u>Ortega- Rosario v. Alvarado – Ortiz</u> 917 F 2d 71( 1st Cir 1990). A dispute is "genuine "only if there is conflicting evidence that requires a trail to resolve the discrepancy. Ortega- Rosario, supra 71

## IV. THE APPLICABLE LAW SUPPORTS DEBTOR IN POSSESSION MOTION FOR SUMMARY JUDGMENT UNDER THE PROVISION OF SECTION 544 OF TITLE 11 USCA

4.1 Debtor in possession is request in its complaint is pursuant to powers granted

under section 544, 547, 549, 550 the Bankruptcy Code.  These provisions are known as the avoidance powers granted to the debtor or to a trustee  through which the debtor may avoid  security interest or devices, avoid preferential transactions and rescind fraudulent transactions

4.2 Specifically , section 544 of the  of the bankruptcy Code  grants the trustee the rights and powers of a hypothetical judicial lien holder and also the rights and power of a *bonafide*  purchaser of real property with authority to avoid the liens encumbering the property  belonging to the estate.

4.3  Armed with the rights of a judgment lien  creditor, the trustee has priority over an unperfected security interest. The purpose of the strong arm clause is to cut off unperfected security interest, secret liens and undisclosed prepetition claims against the debtor's property  as of the commencement of the case.  Collier on bankruptcy P 544.03 ( 15th ed. 2005) In re Millivision Inc.  331 BR 515 ( Bank. Ma 2005)

4.4 The complaint as filed states that as of the date of the filing of the present petition there were several mortgage notes  executed several years before , which were not recorded .

4.5  Plaintiff argues that pursuant to local   Puerto Rico  Law , those  unrecorded liens are not valid against  the debtor as a hypothetical judicial lien holder and thus can be set aside and avoided.

4.6. .  The United States Supreme Court has recognized  that:

> *"Property interest are created and defined by State Law. Unless some federal Interest requires a different result, there is no reason why such*

*interest should not be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interest by both state and federal courts within a state serves to reduce uncertainty , to discourage forum shopping and to prevent a party from receiving "a windfall merely be reason of the happen stance of bankruptcy "* <u>Butner vs. US</u> 440 US 48 ; at p 55 (1979)

4.7 If property interests are created and defined by State, then in its analysis the Bankruptcy Court must refer to the provisions of the applicable Law of Commonwealth of Puerto Rico dealing with the validity and constitution of a lien to secured a mortgage note.

4.8 Specifically, the Mortgage Law of the Commonwealth of Puerto Rico in its Article 188 ( 30 LPRA 2607) delineates the requirements for the validity of a lien:

> *§ 2607. Requirements for valid constitution*
> *In order for voluntary mortgages to be validly constituted, it is required:*
> > *First. That they be stipulated in a deed.*
> > *Second. That the document be recorded in the Property*
> > *Registry. Mortgage Law,1979, § 188. 31 LPRA 2607*

4.9 Likewise, the Civil Code of Puerto Rico in its Article 1775 reiterates the following as the requisites for the validity and existence of a mortgage:

> § 5042. Requisites of mortgage; rights of person in whose favor created
> Besides the requisites mentioned in § 5001 of this title, it is indispensible, in order that the mortgage may be validly constituted, that the instrument in which is created be entered in the registry of property.
> The persons in whose favor the law creates a mortgage shall have no other right than to demand the execution and entry of the instrument in which

the mortgage may be constituted, without prejudice to the provisions of the Mortgage Law, in favor of the Commonwealth of Puerto Rico and of the municipalities, for the amount of the last year's taxes, and in favor of the underwriters for the premium of the insurance.

4.10 The applicable provisions of the Mortgage law and the Civil Code are clear and unambiguous and as such its interpretation by the Supreme of Puerto Rico is consonant when it defines a mortgage in following manner :

> "El derecho de hipoteca se define como "un derecho real que…. Sujeta o vincula lo hipotecado, cualquiera que sea titular, al poder de exigir eventualmente la realización de su valor así como la adopción de medidas dirigidas a salvaguardarlo, todo en seguridad o garantía de la efectividad de alguna obligación dineraria, y cuyo derecho es de carácter es accesorio, indivisible, *de constitución registral* y grava bienes inmuebles ajenos y enajenables , que permanecen en posesión del propietario o titular, y el cual implica un poderoso instrumento de crédito territorial, Roca Sastre, Derecho Hipotecario, Tomo IV, 8va Edición, Barcelona, Ed. Bosch, 1998 pags 113-114; Luis Rafael Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 2da ed. San Juan, Jurídica Editores , 2002,pag 481. R& G *Premier Bank of Puerto Rico v. Registradora*, 2004 TSPR 128, 2004 PR Lexis 122; *Vázquez Santiago v. El Registrador* 137 DPR 384(PR 1994) (emphasis added)

4.11 Therefore, the existence of such property right (derecho real) is dependent of the actual recording by the Registrar of the Property.

4.12 The Supreme Court of Puerto Rico, has determined that the guarantee of personal credit is not a real guarantee-mortgage-until it is recorded. Rosario Perez v. Registrar, 115 D.P.R. 491 (1984). Recording is a constituting act by which guarantee

produces real effects erga omnes. <u>Rosario Perez v. Registrar, 115 D.P.R. 491 (1984)</u> Thus an unrecorded mortgage is not a valid property right enforceable against third parties.

4.13 The recording of a deed is not presumed upon the filing of the documents, what's more the Supreme Court of Puerto Rico as well as the District Court for the District of Puerto Rico have emphatically stated that absent recording the holder of a mortgage note has only a personal obligation and nothing more. <u>Rosario Perez v. Registrar, 115 D.P.R. 491 (1984).</u> **(***Recording is a constituting act by which guarantee produces real effects erga ommes.***)** <u>*R & G Premier Bank v. Valentín*</u> 2004 TSPR 128; <u>*Vazquez* Santiago v. Registrador</u> 137 DPR 384(1994); Liecthy <u>*v. Descartes*</u> 109 DPR 496(1980).

4.14 Within the Federal Districts Courts for the District of Puerto Rico, the Courts have equally applied the norm that recordation is indispensable to the creation of lien over property pursuant to the Mortgage Law and Civil Code of Puerto Rico . <u>*United Federal Savings v. Nones*</u> 283 F. Supp. 638( D.P.R. 1968) *( absence of recordation prevents the existence of the* **in rem security** *of the mortgage and leaves the creditor with a strictly personal credit against debtor*); <u>*In re Las Colinas*</u>  426 F 2d 1005 ,at 1016 ( Cir 1 1970)*( since under Puerto Rico Law recording is essential for the validity of a mortgage, one that is not recorded is a nullity*) <u>*Roig v Dueño*</u>, IRS 617 F. Supp 913, 915  ( 1985) ( *"the Court  agrees with plaintiff that its  promissory note was personal property, but we disagree, even after searching through title 30 and 31 LPRA, that it became " an interest[in the real property] at the time of the sale. Failure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, solely enforceable against the maker"*)

4.15. Thus, the applicable law is clear, if not recorded, there is no security, and the holder has only a personal obligation unsecured and solely enforceable against the maker.

4.16. At the time of filing of the present bankruptcy petition, Banco Popular had a personal obligation of the debtor represented by the aforementioned promissory notes, but did not have a real guarantee mortgage valid against third parties and thus did not have a property interest over property of the debtor

4.17 Absent recordation the Bank cannot claim to have a pre petition property interest in debtor's property, which only needs to be perfected. Quite the contrary as stated by the District Court of Puerto Rico in the case of Roig v. Dueño, supra; thus the exception raised by defendant pursuant to the provision of section 546(b)(1)(A) is to no avail. *In re 229 Main Street Limited v. Mass Dept* 262 F 3rd 19 Cir 1 2001*); In re 229 Main Street v. Mass* 252 BR 186(D. Mass 2000)

4.18 The uncontroverted facts show that the mortgage deeds where filed with the Registry of Property, but at the time of the filing and hence forth have not been recorded.

4.19 Given that the deeds are not recorded, this Court must conclusively determine as a matter of law that pursuant to the provisions of section 544, the liens are null and void and must be set aside and avoided under the avoidance powers granted by said section.

V. **. THE APPLICABLE LAW SUPPORTS DEBTOR IN POSSESSION**

**MOTION FOR SUMMARY JUDGMENT UNDER THE PROVISION OF SECTION 547 OF TITLE 11 USCA**

5.1 The Complaint as filed also requested the avoidance of the liens pursuant to the provisions of section 547 of title 11 USCA.

5.2. Under the provisions of section 547, a transfer that is not perfected against a third party prior to the filing of a petition under the Bankruptcy Code such transfer is deemed to have been made immediately before the filing of the petition and it is subject to avoidance as a preferential transfer. Collier on Bankruptcy P 547.16, (Collier 15th ed.)

5.3 Avoidance under section 547 of title USCA is not limited by the provisions of section 546(b):

> " The rights and powers of a trustee under section 544, 545, and 549 are subject to any generally applicable law that…….

5.4 As stated before, absent recordation the note only evidences a personal obligation and it is not valid against third parties( erga ommes) Rosario Perez v. Registrar, 115 D.P.R. 491 (1984). (*Recording is a constituting act by which guarantee produces real effects erga omme*s.) R & G Premier Bank v. Valentín 2004 TSPR 128; Vazquez Santiago v. Registrador 137 DPR 384(1994); Liecthy v. Descartes 109 DPR 496(1980).

5.6 Therefore, the uncontroverted fact that the liens were not recorded at the time of the filing justifies that the Court as a matter of law grants summary judgment in favor of plaintiff and as such may be avoided .

**WHEREFORE**, Plaintiff very respectfully prays that the present motion for summary judgment be entertained by this Honorable Court and avoid the un perfected deeds under the provision of the avoidance powers of section 544 and 547 and for any other and further relief as it may seem just and proper.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico , this 20th day of August 2009

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using CM/ECF system which will send notification to the following:   US Trustee Office, and any other party which has requested notice.

S/ANDRES J GARCIA- ARREGUI

S/ ISABEL M FULLANA

GARCIA- ARREGUI & FULLANA PSC

252 PONCE DE LEON AVE

SUITE 1101

HATO REY, PR 00918
TEL 787-766-2530
FAX787-756-7800
e-mail analluf@prtc.net