IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 08-01890 |
| LUIS SOTO RIOS; BRENDA TOSADO ARBELO D/B/A FERRETEROS SOTO; FERRETEROS SOTO INC.; FERRETERIA SOTO INC. | CHAPTER 11 |
| Debtors | |
| LUIS SOTO RIOS; BRENDA TOSADO ARBELO D/B/A FERRETEROS SOTO; FERRETEROS SOTO INC.; FERRETERIA SOTO INC. | ADVERSARY NO. 09-00063 |
| Plaintiffs | |
| vs. | |
| BANCO POPULAR DE PUERTO RICO | |
| Defendant | |

OPINION AND ORDER

This adversary proceeding is before the court upon the motion for summary judgment filed on August 20, 2009 by Luis Soto Ríos and Brenda Tosado Arbelo (hereinafter referred to as "Debtors" or "Plaintiffs") (Docket No. 32). Plaintiffs argue that in conformity with the Mortgage Law of the Commonwealth of Puerto Rico and the Puerto Rico Civil Code, unrecorded mortgage liens at the time of the filing of the bankruptcy petition are not valid against a bona fide purchaser of real property of the debtor, and thus the same may be set aside and avoided under the "strong arm powers" pursuant to 11 U.S.C. §544(a) of the Bankruptcy Code. Plaintiffs also argue that pursuant to 11 U.S.C. §547(b) the unrecorded mortgage liens are voidable as a preferential transfer since they were not perfected at the time of the filing of the bankruptcy petition. Banco Popular de Puerto Rico on September 17, 2009 filed an Opposition to Plaintiffs' Motion for Summary Judgment and Cross Motion for Summary Judgment (Docket No. 19) in essence arguing that Section 362(b)(3) of the Bankruptcy Code creates an exception to the automatic stay for "any act to perfect, or to maintain or

continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b)" of the Bankruptcy Code, thus allowing for the post-petition perfection of mortgage liens or the maintenance or continuation of perfection of an interest in property. For the reasons set forth below Plaintiffs' motion for summary judgment is denied and Banco Popular de Puerto Rico's cross motion for summary judgment is granted.

Facts and Procedural Background

Plaintiffs filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on March 29, 2008. The 341 meeting of creditors was scheduled for May 5, 2008 (Docket No. 5 in lead case) and was subsequently continued on May 16, 2008, (Docket No. 12 in lead case) May 30, 2008 (Docket No. 16 in lead case) and finalized on June 23, 2008 (Docket No. 24). Plaintiffs failed to include in their Schedule D- Creditors Holding Secured Claims or in their Schedule F-Creditors Holding Unsecured Non-Priority Claims, the mortgage notes which were all guaranteed with the unrecorded mortgage liens in controversy (Docket Nos. 1, 13 & 22 in lead case [1]). On July 14, 2008, Banco Popular de Puerto Rico (hereinafter referred to as "Defendant" or "Creditor") filed secured proof of claim number 35-1 in the amount of $2,594,269.81[2]. Included in proof of claim number 35-1 are the mortgage notes and the corresponding mortgage deed pertaining to the three (3) mortgage deeds which were unrecorded at the time of the filing of the bankruptcy petition.

On March 25, 2009, Plaintiffs filed the instant adversary proceeding alleging several causes

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 08-01890 (ESL).

[2] The supporting documentation presented by the Creditor for claim number shows that the amount of $2,594,269.81 consists of the following: (i) $2,525,767.45 for loan number 0706876-9016 which is guaranteed by various mortgage notes (the principal for this promissory note was $2,500,000.00); (ii) $40,796.24 for loan number 0706876-9017 which is guaranteed by various mortgage notes (the principal of this loan was for $50,000.00); (iii) $360.24 for an overdraft in "flexicuenta" account number 084-031514; (iv) $5,000.00 for an overdraft in "flexicuenta" account number 084-712104; and (v) $22,345.65 for an overdraft and reserve in "flexicuenta" account number 084-031530. To guarantee the payment of the two (2) loans, Debtors signed various promissory notes which were all guaranteed by mortgage deeds in favor of Creditor. The three (3) mortgage notes and mortgage deeds in controversy were amongst the mortgage notes which were provided by Debtors to guarantee these two (2) loans.

of action which include the following: (i) the recordation of the mortgage deeds in controversy constitutes a post-petition transfer that is avoidable pursuant to 11 U.S.C. §549 of the Bankruptcy Code; (ii) the mortgage deeds were not recorded at the time of the filing of the bankruptcy petition, meaning that perfection of the same may be avoided as a preferential transfer pursuant to 11 U.S.C. §547(b) of the Bankruptcy Code since the Defendant did not have a real estate interest on debtors' properties; and (iii) at the time of the filing of the bankruptcy petition, the mortgage liens had not been recorded and thus, pursuant to 11 U.S.C. §544 of the Bankruptcy Code, the debtor in possession may avoid these liens as a hypothetical judicial lien holder or a bonafide purchaser of real property.

On April 14, 2009, Defendant filed a Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(6) in which it argues the following: (i) Section 362(b)(3) of the Bankruptcy Code provides an exception to the automatic stay to perfect or continue to perfect an interest in property pursuant to Section 546(b) of the Bankruptcy Code; (ii) Section 546(b) of the Bankruptcy Code limits debtors' avoidance powers hampering their ability to avoid post-petition transfers under Section 549(a) of the Bankruptcy Code if under applicable state law a lien which is perfected post-petition may relate back to a time before the commencement of the case; (iii) Article 53 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2256 "establishes that the recorded titles shall have effect against third parties from the date of their registration and that the registration date shall be the date of the original presentation of the documents at the Registry;" (Docket No. 6, paragraph 34) (iv) the Supreme Court of Puerto Rico has emphasized that registration of mortgage deeds in the Registry of Property becomes effective from the date of presentation; (v) the entry of presentation ("asiento de presentación") serves as an implicit notice to the public until the document is duly registered; (vi) the Mortgage Law of Puerto Rico nor the Regulations for Execution of the Mortgage Law establish a specific term for the Property Registrar to pass judgment on the titles presented for registration; (vii) the mortgage deeds that create the mortgage liens in controversy were presented to the corresponding Registries of Property on the following dates: (a) October 18, 2004 (mortgage deed #328); (b) August 11, 2005 (mortgage deed #281) and August 30, 2005 (mortgage deed #283); (viii) the entries of presentation for the mortgage liens in controversy remain in effect at the corresponding Registries of Property since the same have not been cancelled, extinguished nor the deeds by which the entries of presentation were created have

been removed or withdrawn; and (ix) Section 547(e)(1)(A) of the Bankruptcy Code is inapplicable to this adversary proceeding because recordation of a mortgage is not avoidable as a preferential transfer since the Mortgage Law of Puerto Rico relates back to a time before the commencement of the case.

Plaintiffs on May 12, 2009 filed a reply to Defendant's motion to dismiss by which it alleges that their complaint states various causes of actions upon which relief may be granted based on the following allegations: (i) Defendant's premise that the presentation of a deed of mortgage to the Registry of Property is sufficient to create a valid lien against third parties is incorrect; (ii) the act of recordation of a mortgage lien is a constituting act which produces real effects and is enforceable *erga omnes*, thus an unrecorded mortgage deed is not a valid property right enforceable against third parties; (iii) the Registrar of the Property is stayed from performing any review "calificación registral" of the mortgage liens presented since it would constitute a violation of the automatic stay pursuant to 11 U.S.C. §362(a)(4); (iv) for the exception to the automatic stay pursuant to Section 362(b)(3) of the Bankruptcy Code to apply the following three requirements must exist; (a) an act to perfect; (b) an "interest in property;" and (c) under circumstances in which the perfection-authorizing statute fits within the contours of 11 U.S.C. §546(b)(1)(A); (v) Plaintiffs argue that Defendant fails to comply with the first requirement because absent recordation, a creditor only has a personal obligation since the mortgage lien has not been created; (vi) Defendant fails to satisfy the second requirement because a mortgage lien is created after it is duly recorded by the Registrar of the Property, thus there is no property interest to perfect (the presentation of a deed of mortgage is not an act of perfection and until the mortgage is recorded, the creditor has no property interest on the debtor's property); and (vii) Plaintiffs in conformity with 11 U.S.C. §544(a)(1) of the Bankruptcy Code have the rights of a judgment lien creditor and as such have priority over an unperfected security interest and may avoid the same (Docket No. 10).

Subsequently, Defendant on May 19, 2009 filed a Motion for Leave to File Sur-Reply to Plaintiffs' reply to Motion to Dismiss along with the sur-reply (Docket Nos. 11 and 12). In its Sur-Reply, Defendant basically argues that it complies with the three (3) requirements of Section 362(b)(3) of the Bankruptcy Code due to the following reasons: (i) the existence of a property interest

is defined in conformity with state law thus, under the laws of the Commonwealth of Puerto Rico the legal issue of whether a creditor has a property interest in a real property when the mortgage deed has been presented but not recorded is an open question; (ii) an interest in property is much more than just a perfected lien; (iii) it has presented pre-petition to the corresponding Registries of Property the three (3) mortgage deeds in controversy and should not be prejudiced by the Property Registrar's delay in recording the same; (iv) Defendant's interest in the properties is superior when compared to other acts which are necessary to establish a valid property interest; (v) any acts undertaken by Defendant to continue the perfection will not be barred by the automatic stay; (vi) Section 546(b)(1)(B) applies to the instant case because Defendant has undertaken all the necessary acts to record its mortgage liens over Plaintiffs' properties; (vii) pursuant to Section 546(b) of the Bankruptcy Code, "the rights and powers of the trustee are subject to state statute that provides that perfection, or maintenance or continuation of perfection of the property interest relates back in time; with the effect that the party who takes action to perfect, or to maintain or continue the perfection, has priority or superpriority over the interest acquired by a third party before the date of perfection or the date on which action is taken to effect the maintenance or continuation of perfection in the property." (Docket No. 12, paragraph 35); (viii) the trustee or debtor in possession is subject to the relation back provision of the Mortgage Law of Puerto Rico and as such cannot avoid the perfection or continuation of perfection of the mortgage liens and (ix) the mortgage deeds in controversy were presented three to four years pre-petition, thus the perfection of these mortgage liens is not subject to the trustee's avoidance powers pursuant to Sections §§544, 545 or 549 of the Bankruptcy Code (Docket No. 12). On June 19, 2009, Plaintiffs filed an Objection to Defendant's Sur-Reply presenting the following arguments: (i) Section 546(b)(1)(A) is inapplicable to the instant case because at the time of the bankruptcy petition, Defendant did not have a pre-petition property interest over debtors' properties since the mortgage liens had not been duly recorded by the Property Registrar; and (ii) pursuant to Section 544(a)(1) of the Bankruptcy Code, Plaintiffs as debtor in possession, has the status of a hypothetical judicial lien holder and thus has priority over an unperfected security interest and may request the avoidance of the unrecorded liens.

On July 24, 2009 both parties filed the Joint Pre-Trial Report (Docket No. 14). Plaintiffs'

statement of issues consisted of the following: (i) "[a]t the time of the filing of the bankruptcy petition the liens had not been created pursuant to state law and thus the amounts owed are unsecured;" (ii) "[u]nder the avoidance provisions of the Code the debtor can request that the avoidance of such alleged liens;" and (iii) "[o]nce the petition is filed the Registrar of the Property is stayed from recording or registering the deeds and any such action is null and void." (Docket No. 14). Defendant's statement of issues consisted of the following (i) "[w]hether Banco Popular of Puerto Rico is the holder of a valid, perfected and enforceable secured claim and if such secured lien may be avoided by the trustee;" and (ii) "[u]nder state and bankruptcy law the debtor cannot avoid the continuation or perfection of the mortgage liens that are pending for recordation in the Registry of the Property." (Docket No. 14). The pretrial conference was held on July 31, 2009 in which the court determined that the legal issues in this adversary proceeding as well as in adversary proceeding 09-00049 were substantially similar and could be disposed of by summary judgment (Docket No. 15).

On August 20, 2009, Plaintiffs filed a Motion for Summary Judgment and a Statement of Material Uncontested Facts (Docket Nos. 17 and 18). Plaintiffs' basis for its motion for summary judgment consists of the following legal arguments: (i) Section 544 of the Bankruptcy Code grants the trustee (or debtor in possession) with the rights of a judgment lien creditor and as such the same has priority over an unperfected security interest, which in this cases consists of the unrecorded mortgage liens which can be set aside and avoided in conformity with this section; (ii) section 546(b)(1)(A) of the Bankruptcy Code is inapplicable in this case because at the time of the filing of the bankruptcy petition, Defendant's mortgage liens were not recorded by the Property Registrar, thus Defendant is devoid of a pre-petition property interest and has only a personal obligation against Plaintiffs; and (iii) under the provisions of Section 547 of the Bankruptcy Code the unrecorded mortgage liens may be avoided as a preferential transfer since the same were not perfected at the time of the filing of the bankruptcy petition. (Docket No. 17).

Subsequently, on September 17, 2009, Defendant filed its Opposition and Cross Motion to Plaintiffs' Motion for Summary Judgment based on the following legal arguments: (i) the rights of the trustee pursuant to Section 544(a)(3) of the Bankruptcy Code are subject to the perfection or maintenance or continuation of perfection of an interest in property under the provisions of Section

6

546(b)(1) which permits the post-petition perfection of liens if, absent the bankruptcy filing and permitted by applicable law, the interest holder could have perfected the lien against a person acquiring rights before the date of perfection or maintenance or continuation of perfection; (ii) pursuant to Section 546(b) the rights and powers of the trustee (debtor in possession) are subject to state statute that provides for the perfection, or maintenance or continuation of perfection of the property interest under a relation back provision which has priority or superpriority over the interest acquired by the party before the date of perfection or the date on which action is taken to effect the maintenance or continuation of perfection in the property; (iii) the interplay between Section 547(e)(1)(A) and the applicable law, namely, Articles 52 and 53 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §§2255 & 2256 (relation back provision) is that the trustee (debtor in possession) is subject to the applicable law and as such once the mortgage deeds are recorded they are effective against third parties (including the trustee or debtor in possession) from the initial date of presentation, thus the debtor in possession may not avoid the recordation of Defendant's mortgage liens; and (iv) the post-petition recordation of the mortgage liens is an exception to the automatic stay since it satisfies the three (3) requirements under Section 362(b)(3) of the Bankruptcy Code. (Docket No. 19). On September 17, 2009, Defendant filed a statement opposing certain of Plaintiffs' undisputed material facts and including other undisputed material facts (Docket No. 20).

In a nutshell, the legal controversies in the instant case are whether Defendant's unrecorded mortgage liens meet the necessary requirements under the exception to the automatic stay provided under Section 362(b)(3) of the Bankruptcy Code and whether under the provisions of Section 547 of the Bankruptcy Code the unrecorded mortgage liens may be avoided as a preferential transfer since the same were not perfected at the time of the filing of the bankruptcy petition.

*Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382

F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61

(D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

## Uncontested Material Facts

1. Plaintiffs are the owners of the following real properties:

A. Lot located in Barrio Cacao in the municipality of Quebradillas, Puerto Rico with a surface area of 800.08 square meters that has a two-story reinforced concrete structure, the first story is used for commercial purposes and the second story is used for residential purposes. This lot is segregated from property 2061 registered in Folio 47 of Tome 44 of Quebradillas. Mortgage deed #328 was presented for inscription on October 18, 2004. The mortgage deed was executed on September 23, 2004 in favor of Banco Popular de Puerto Rico for the amount of $165,000.00 of which $104,000.00 was allocated to this property, before Notary Public Agustin F. Soto Hernández. Mortgage deed #283 which was presented for inscription on August 30, 2005. This mortgage deed was executed on August 11, 2005 in favor of Banco Popular de Puerto Rico for the amount of $220,000.00 of which

$170,000.00 was allocated to this property, before Notary Public Agustin F. Soto Hernández.[3]

B. Lot located in Barrio Cacao in the municipality of Quebradillas, Puerto Rico with a surface area of 1127.50 square meters. This lot is segregated from property 1038 registered in Folio 27 of Tome 19 of Quebradillas. This lot is registered at Folio 51, Tome 44 of Quebradillas, 7th inscription. Mortgage deed #328 was presented for inscription on October 18, 2004. The mortgage deed was executed on September 23, 2004 in favor of Banco Popular de Puerto Rico for the amount of $165,000.00 of which $61,000.00 was allocated to this property, before Notary Public Agustin F. Soto Hernández. Mortgage deed #283 was presented for inscription on August 30, 2005. The mortgage deed was executed on August 11, 2005 in favor of Defendant for the amount of $220,000.00 of which $50,000.00 was allocated to this property, before Notary Public Agustin F. Soto Hernández.[4]

---

[3]"RUSTICA: Solar radicado en el Barrio Cacao, del término municipal de Quebradillas, Puerto Rico, con una cabida superficial del 800.08 metro cuadrados. En lindes al Norte, en 34.10 metro con terrenos propiedad de Francisco Avila; por el Sur y Oeste, en 31.38 metros y 19.85 metros respectivamente, con el remanente de la finca principal de la cual se segrega propiedad de Miguel A. García y por el Este, en 31.00 metros con la carretera estatal #2. Enclava una estructura de dos plantas de concreto reforzado dedicada la parte inferior a comercio y su parte superior a vivienda.
TRACTO: Es segregación de la finca 2061 inscrita al Folio 47 del Tomo 44 de Quebradillas.
GRAVAMENES: Por su procedencia: Se encuentra libre de cargas.
DOCUMENTOS PRESENTADOS: Al asiento 1113 del Diario 296 se presentó el 18 de octubre de 2004 la escritura #328 de Hipoteca otorgada el 23 de septiembre de 2004 ante el notario Agustín F. Soto Hernández, por la cual los titulares registrales constituyen HIPOTECA sobre esta y otra propiedad en garantía de un pagaré a favor de Banco Popular de Puerto Rico por la suma de $165,000.00 respondiendo por $104,000.00 con intereses al Prime rate anual y vencimiento a la presentación. Complementarios: N/A.
Al asiento 1612 del Diario 299 se presentó el 30 de agosto de 2005 la escritura #283 de Hipoteca otorgada el 11 de agosto de 2005 ante el notario Agustín F. Soto Hernández por la cual los titulares registrales constituyen HIPOTECA sobre esta y otra propiedad en garantía de un pagaré a favor de Banco Popular de Puerto Rico por la suma de $220,000.00 respondiendo por $170,000.00 con intereses al Prime Rate anual y vencimiento a la presentación. Complementarios: N/A." (Docket No. 18).

[4] "RUSTICA: Predio de terreno radicado en el Barrio Cacao, del término municipal de Quebradillas, Puerto Rico, con una cabida superficial de 1127.50 metros cuadrados, igual a 0.2868 cuerdas. En lindes por el Norte, con Villa Julia, antes Francisco Avila; por el Sur, con solar letra A del plano de inscripción y predio de uso público; por el Este, con Rafael Valverde y

C. Lot located in Barrio Pueblo in the municipality of Hatillo, Puerto Rico with a surface area of 641.00 square meters. This lot is registered at Folio 65, Tome 346 of Hatillo, property number 3,466. Mortgage deed #281 was presented for inscription on August 30, 2005. The mortgage deed was executed on August 11, 2005 in favor of Defendant for the amount of $19,000.00 before Notary Public Agustin F. Soto Hernández.[5]

2. Plaintiffs executed the following promissory and mortgage notes in favor of Defendant.

---

por el Oeste, con Villa Julia, antes Francisco Avila.
TRACTO: Es segregación de la finca 1038 inscrita al Folio 27 del Tomo 19 de Quebradillas.
GRAVAMENES: Por su procedencia: Se encuentra libre de cargas.
Por sí: inscrita al Folio 51 vuelto del Tomo 44 de Quebradillas, inscripción 7ma. (246/240).
DOCUMENTOS PRESENTADOS: Al asiento 1113 del Diario 296 se presentó el 18 de octubre de 2004 la escritura #328 de Hipoteca otorgada el 23 de septiembre de 2004 ante el notario Agustín F. Soto Hernández por la cual los titulares registrales constituyen HIPOTECA sobre esta y otra propiedad en garantía de un pagaré a favor de Banco Popular de Puerto Rico por la suma de $165,000.00 respondiendo por $61,000.00 con intereses al Prime Rate anual y vencimiento a la presentación. Complementarios: N/A.
Al asiento 1612 del Diario 299 se presentó el 30 de agosto de 2005 la escritura #283 de Hipoteca otorgada el 11 de agosto de 2005 ante el notario Agustín F. Soto Hernández por la cual los titulares registrales constituyen HIPOTECA sobre esta y otra propiedad en garantía de un pagaré a favor de Banco Popular de Puerto Rico por la suma de $220,000.00 respondiendo por $50,000.00 con intereses al Prime Rate anual y vencimiento a la presentación. Complementarios: N/A." (Docket No. 18).

[5]"RUSTICA: Remanente radicado en el Barrio Pueblo de Hatillo, Puerto Rico, compuesto de Seiscientos Cuarenta y Un Metros Cuadrados (641.00) de terreno. En lindes por el NORTE, con un área dedicada a Uso Público, por el SUR, con solar cinco (5); por el ESTE, con área dedicada a Uso Público y por el OESTE, con Inocencia Viuda de Arana. Es el resto de esta finca luego de reducidas las segregaciones que se indican al margen.
INSCRITA AL FOLIO 65, TOMO 346 de Hatillo, FINCA Número 3,466.
PENDIENTE: Asiento 1613, Diario 299
Escritura número 281, sobre Hipoteca otorgada en Aguadilla, Puerto Rico, el 11 de agosto de 2005, ante el notario Agustín F. Soto Hernández para que se inscriba Hipoteca a favor del Banco Popular de Puerto Rico, o a su orden por $19,000.00, con intereses a New York Prime Rate, vencimiento a la presentación, Affidávit 11,564; $1,900.00 para costas, gastos y honorarios de abogados en el caso de ejecución." (Docket No. 18).

11

3. On August 11, 2005, Plaintiffs executed a mortgage note in favor of Defendant for the amount of $220,000.00 and in guarantee of this note, Plaintiffs executed Mortgage Deed #283 in Aguadilla, Puerto Rico before Notary Public Agustin F. Soto Hernández, on the same date. Mortgage Deed #283 was presented for recordation (inscription) at the Puerto Rico Real Property Registry of Arecibo, Section II, on August 30, 2005.

4. On August 11, 2005, Plaintiffs executed another mortgage note in favor of Defendant for the principal amount of $19,000.00 and in guarantee of this note, Plaintiffs executed Mortgage Deed #281 in Aguadilla, Puerto Rico before Notary Public Agustin F. Soto Hernández, on the same date. Mortgage Deed #281 was presented for recordation (inscription) at the Puerto Rico Real Property Registry of Arecibo, Section II, on August 30, 2005.

5. On September 23, 2004, Plaintiffs executed another mortgage note in favor of Defendant for the principal amount of $165,000.00 and in guarantee of this mortgage note, Plaintiffs executed Mortgage Deed #328, in Aguadilla, Puerto Rico before Notary Public Agustin F. Soto Hernández, on the same date. Mortgage Deed #328 was presented for recordation (inscription) at the Puerto Rico Real Property Registry of Arecibo, Section II, on October 18, 2004.

6. The referenced mortgage deeds had not been recorded at the time of the filing of the bankruptcy petition, the same were pending recordation prior to the filing of the bankruptcy petition.

7. The referenced mortgage deeds have not been recorded post-petition, the recordation of the same is pending.

Applicable Law and Analysis

*Automatic Stay under 11 U.S.C. §362(a)*

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id. The automatic stay prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. §362(a)(4). Despite

the fundamental importance of the automatic stay, Congress has allowed certain exceptions to the automatic stay, such as those included under Section 362(b) of the Bankruptcy Code. See 229 Main St. Ltd. Pshp. v. Mass. EPA (In re 229 Main St.), 262 F. 3d 1, 3-4 (1st Cir. 2001).

*Exception to Automatic Stay under 11 U.S.C. §362(b)(3)*

Section 362(b)(3) of the Bankruptcy Code provides an exception to the automatic stay, under subsection (a) of Section 362 of the Bankruptcy Code by allowing, "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b) of this title." 11 U.S.C. §362(b)(3). To qualify for this particular exception, the trustee or debtor in possession[6] must satisfy the following three (3) requirements: (i) an act to perfect; (ii) an interest in property; and (3) under the circumstances in which the perfection-authorizing statute fits within the parameters of Section 546(b) of the Bankruptcy Code. In re 229 Main St., 262 F. 3d at 5. Thus, Section 362(b)(3) depends on the limitations imposed on the trustee's avoiding powers pursuant to Section 546(b) of the Bankruptcy Code. The purpose behind Section 546(b)(1) is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens as of an effective date that is earlier than the date of perfection." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶546.03[1] (15th ed. 2009) quoting S. Rep. No. 989, 95th Cong., 2d Sess. 86-87 (1978), reprinted in App. Pt. 4(e)(I) infra; H.R. Rep. No. 595, 95th Cong., 1st Sess. 371-371 (1977) reprinted in App. Pt. 4(d)(i) infra.

Section 546(b)(1) exempts from the trustee's avoiding powers under Sections 544, 545 and 549 of the Bankruptcy Code "any generally applicable law that permits the perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation." 11 U.S.C. §§546(b)(1)(A) & 546(b)(1)(B). "Thus,

---

[6] 11 U.S.C. §1107(a) provides that a bankruptcy debtor in possession stands in the shoes of a bankruptcy trustee, thus having basically all the same rights, powers, duties and functions. 11 U.S.C. §1107(a).

simply stated, if a creditor possesses a prepetition interest in property, and state law establishes a time period for perfection of a lien based upon that interest, the 'lien does not lose its preferred standing by reason of the fact that it [is] not perfected until after the commencement of a bankruptcy' so long as it is perfected within the time period established by state law." Lincoln Sav. Bank, FSB v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n), 880 F. 2d 1540, 1546 (2d Cir. 1989), *cert. denied*, 493 U.S. 1058, 110 S. Ct. 869, 107 L. Ed. 2d 953 (1990) (quoting Poly Industries, Inc. v. Mozley, 362 F. 2d 453, 457 (9th Cir. 1966)). A creditor must satisfy the following requirements for Section 546(b)(1) to be applicable: (i) it must act pursuant to the law of general applicability[7]; (ii) the law must permit the creditor to perfect an interest in property; and (iii) such perfection must be effective against previously acquired rights in the property. In re 229 Main St., 262 F. 3d at 9. Moreover, the "gist of section 546(b)(1)(A) is that 'the filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection.'" In re 229 Main St., 262 F. 3d at 12 (quoting 5 Collier on Bankruptcy ¶546.03[2][a]).

      In the instant case, one of the requirements that must be satisfied under both Sections 362(b)(3) and 546(b)(1) is whether Creditor had a prepetition property interest in the aforementioned real properties. Debtors' argue that Creditor did not have a property interest over the real properties because the mortgage deeds of the same had not been recorded at the time of the bankruptcy filing, thus pursuant to the Mortgage Law of Puerto Rico, the mortgage liens had not been created. Creditor equates property interest with the creation of a lien, meaning that in order for there to exist a property interest there must be a lien. However, the United States Court of Appeals for the First Circuit in the case of In re 229 Main St. held that "the term 'interest in property' as used in section 362(b)(3) is broader than the term 'lien.'" In re 229 Main St. 262 F. 3d at 6. In the instant case, Creditor had a right to record various liens on three (3) of Debtors' real estate properties as result of three (3)

---

[7] Usually the law of general applicability is state law but federal law may also apply. Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶546.03[2][c](15th ed. 2009).

mortgage notes and three (3) mortgage deeds which all had been executed well over two and a half years prior to Debtors' filing of their bankruptcy petition. Creditor's prepetition property interest in the real properties is based on taking all possible administrative steps (presenting the mortgage deeds to the corresponding Registrar of Properties well over two and a half years prior to Debtors' filing of their bankruptcy petition) in order for its property interest to be duly recorded by the Property Registrar so that their mortgage liens could become effective from the date the mortgage deeds were presented to the Property Registry pursuant to Article 53 of the Mortagage Law of Puerto Rico, 30 L.P.R.A. §2256.

The second requirement for the exception of the automatic stay pursuant to Section 362(b)(3) of the Bankruptcy Code is "an act to perfect, or to maintain or continue the perfection, of an interest in property." The United States Court of Appeals for the First Circuit In re 229 Main St. held that, "section 362(b)(3) says that the filing of a bankruptcy petition does not automatically stay an act to perfect, the simultaneous postpetition creation and perfection of a lien may come within the pertinent exception to the automatic stay so long as the creditor holds a valid prepetition interest in the property." In re 229 Main St, 262 F. 3d at 9. In the instant case, pursuant to Article 53 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2256, the mortgage liens will be simultaneously constituted and perfected on the date the Property Registrar records the same. However, the constitution and perfection of the mortgage liens will relate back to the date the same were presented for recordation (registration) to the Property Registrar. Moreover, it is important to note that, "the process of inscription begins when the mortgage deed is presented and recorded in the daily book of presentations kept by the Registrar. This entry is recorded in the daily books, applying the principle of *prior tempore potior iure*." Doral Mortg. Corp. v. Segarra-Miranda, 412 B.R. 72, 74 (D.P.R. 2009). Furthermore, "... registered titles become effective for third parties from the date of recordation, the date of their presentation shall be the decisive moment for this recordation to become effective, because the effects of recordation in the Registry are retroactive to the specific date of presentation." Gasolinas de Puerto Rico Corporation v. Registrador, 155 D.P.R. 652, 675 (2001) citing II Ramón M. Roca Sastre, *Derecho Hipotecario: Fundamentos de la Publicidad Registral 5*, Barcelona, Ed. Bosch (8th ed. 1995); Luis R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, pg. 188

(2000); Ponce Federal v. Registrador, 105 D.P.R. 486 (1976). Thus, Creditor's security interest in the real properties will be considered constituted and perfected as of the date of the presentation of the three (3) mortgage deeds. It is important to note that, Article 52 of the Mortgage Law of Puerto Rico requires that deeds be recorded by the Property Registrar within sixty (60) days after the date of their presentation, except "for just cause that is duly justified and admitted by the Director." 30 L.P.R.A. §2255. However, this term is illusory, given the various types of situations that may fall under just causes pursuant to Article 66.2 of the Mortgage Law Regulations. Luis R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, pg. 181 (2002). In the majority of cases, three to five years elapse between the date of presentation and the date the Property Registrar qualifies the pertinent documentation. Id. at 182.

Under the Debtors' interpretation, mortgage deeds which had been duly presented to the Property Registry prepetition, but had not been recorded by the Property Registrar prior to the filing of the bankruptcy petition would never qualify for the automatic stay exemption and would in essence make ineffective a creditor's secured interest (through the mechanism of employing mortgage liens) because of the Property Registrar's backlog and delay in registering mortgage deeds. The result being that a creditor that loaned monies relying on a lien will experience its interest being transformed to an unsecured interest (personal obligation) by the filing a bankruptcy petition prior to the date of the recordation of the mortgage lien.

Lastly, the third requirement for the exception to the automatic stay to apply is that Creditor meets the requirements set forth in Section 546(b)(1) of the Bankruptcy Code, namely; (i) that the creditor must act pursuant to the law of general applicability; (ii) that law must allow the creditor to perfect an interest in property; and (iii) such perfection must be effective against previously acquired rights in the property. The first two (2) elements established pursuant to Section 546(b)(1) were previously discussed under the requirements of Section 362(b)(3) of the Bankruptcy Code. Both parties agree that the law of general applicability is the Mortgage Law and Regulations of Puerto Rico and that this law in particular, Article 53 of the same has a specific relation back provision which provides that perfection of the creditor's secured interest (interest in property) relate back to the date of presentation. 30 L.P.R.A. §2256. The third requirement is basically whether absent the bankruptcy

filing, the creditor could have perfected its interest against an entity acquiring rights in the property before the date of perfection. This third requirement is intimately related to Mortgage Law of Puerto Rico's relation back provision, since any other liens or encumbrances presented or registered with a prior date to the filing of the bankruptcy petition but with a subsequent date to the dates the mortgage liens were presented would not take precedence over the mortgage liens based on the principle "*prior tempore potior iure.*"

*Avoidance Action under 11 U.S.C. §544(a)(1) & 544(a)(3)*

Sections 544(a)(1) and 544(a)(3) of the Bankruptcy Code provides in relevant part that:

"[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such transfer]." 11 U.S.C. §§544(a)(1) & 544(a)(3).

The rights of a trustee under 11 U.S.C. §544 are determined by state law. Abboud v. The Ground Round, Inc., 482 F. 3d 15, 20 (1st Cir. 2007) (holding Pennsylvania law determined the rights of a hypothetical lien creditor under 11 U.S.C. §544(a)(1)); See In re Santos & Nieves, Inc., 814 F. 2d 57, 61 (1st Cir. 1987) citing Carina Mercury, Inc. v. Agaravides, 344 F. 2d 397 (1st Cir. 1965). Moreover, the extent of the trustee's rights as a judicial lien creditor or a bona fide purchaser of real property is dictated by the state law of the jurisdiction governing the property in question. Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶544.03[1] (15th ed. 2009). The purpose of the trustee's avoiding powers is simply "to foster the equal distribution of a debtor's assets among its general non-priority creditors." Segarra v. Osario (In re Rubero), 2006 Bankr. Lexis 3912 (Bankr. D.P.R. 2006). However, the trustee's avoiding powers under Section 544(a) are subject to Section 546(b) of the Bankruptcy Code, which provides an important exception to the trustee's avoiding powers since the same are subject to "any generally applicable law that permits" relation back. Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶544.04 (15th ed. 2009). As discussed herein, this court concludes that Creditor satisfies the requirements under Section 546(b) of the

17

Bankruptcy Code, thus falling within the exception to the trustee's avoiding powers pursuant to Section 544(a) of the Bankruptcy Code.

*Preferential Transfers under 11 U.S.C. §547(b) & 547(e)(1)(A)*

Section 547(b) of the Bankruptcy Code allows the trustee to avoid, as a preference,

"any transfer of an interest of the debtor in property–(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made–(A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more that such creditor would receive if–(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C. §547(b).

Moreover, "the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section." 11 U.S.C. §547(g).

Section 547(e)(1)(A) provides, "a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. §547(e)(1)(A). Moreover, Section 547(e)(3) establishes that, "a transfer is not made until the debtor has acquired rights in the property transferred." 11 U.S.C. §547(e)(3). Perfection as to real property depends entirely upon state law. See Alan N. Resnick & Henry J. Sommer, 5 <u>Collier on Bankruptcy</u> ¶547.06[1] (15th ed. 2009). As discussed herein, the applicable state law is Article 53 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2256, which has a relation back mechanism that establishes that mortgage liens become effective against third parties from the date the mortgage deeds were presented to the Property Registry. It is important to note that, "the entry of presentation is constructive notice to all the world until the document is recorded." <u>Flores v. Arroyo</u>, 43 D.P.R. 282, 283 (1932). Thus, the transfers of the three (3) mortgages between Debtors and Creditor occurred well over two and a half years from the date of the filing of the bankruptcy petition, meaning that in order for a bonafide purchaser to acquire an interest superior to Creditor's interest in these properties the same had to present to the Property Registrar for recordation a mortgage deed prior to

the date in which Creditor presented its mortgage deeds.

Conclusion

For the reasons stated above, this court finds that the Mortgage Law of Puerto Rico satisfies the requirements of Sections 362(b)(3) and 546(b)(1) of the Bankruptcy Code, thus falling within the exception to the automatic stay and the exception to the trustee's avoiding powers under Section 544(a) of the Bankruptcy Code. This court also concludes that Plaintiffs have failed to establish all the necessary elements of a preferential transfer under Section 547(b) and 547(e)(1)(A) of the Bankruptcy Code.

In view of the foregoing, Plaintiffs' motion for summary judgment is hereby DENIED and Defendant's cross motion for summary judgment is hereby GRANTED. Therefore, it is now ordered that the instant complaint be and it is hereby dismissed.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 20th day of November 2009.

*[signature]*
ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge